J-S24021-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| v. | : | |
| | : | |
| | : | |
| ANTONIO DION FERGUSON | : | |
| | : | |
| Appellant | : | No. 999 WDA 2020 |

Appeal from the PCRA Order Entered September 14, 2020
In the Court of Common Pleas of Erie County
Criminal Division at No(s):  CP-25-CR-0001279-2004,
CP-25-CR-0001280-2004, CP-25-CR-0001281-2004,
CP-25-CR-0001282-2004, CP-25-CR-0001283-2004,
CP-25-CR-0001284-2004, CP-25-CR-0001285-2004

BEFORE:   DUBOW, J., KING, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY KING, J.:                **FILED: OCTOBER 26, 2021**

Appellant, Antonio Dion Ferguson, appeals from the order entered in the Erie County Court of Common Pleas, which dismissed his serial petition filed under the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546. We affirm.

The PCRA court set forth the relevant facts and procedural history of this appeal as follows:

> On December 22, 2003, [Appellant] was arrested in Erie County and charged with a series of burglaries and related crimes.  On January 14, 2004, [Appellant] hired Attorney William Van Scyoc to represent him; however, Attorney Van Scyoc filed a motion to withdraw as counsel on June 28, 2004.  An order granting leave to withdraw was issued the

_____

[*] Former Justice specially assigned to the Superior Court.

following day. On July 19, 2004, Attorney Kenneth A. Bickel [("trial counsel")] was appointed through the Erie County Public Defender's Office to represent [Appellant].

On November 10, 2004, after a three-day trial, [Appellant] was found guilty of 25 criminal counts, [across multiple docket numbers,] including charges of burglary, attempted burglary, theft by unlawful taking, theft by receiving stolen property, loitering and prowling at nighttime, and escape. On January 14, 2005, [the trial court] sentenced [Appellant] to a term of 24 years and 4 months to 76 years of incarceration. [Appellant's] sentence was affirmed on direct appeal. Since the exhaustion of his direct appellate rights, [Appellant] has filed five previous PCRA petitions and at least one federal *habeas* petition challenging the convictions.

On September 16, 2019, [Appellant] filed the PCRA petition at issue in this appeal *pro se*. On January 2, 2020, [Appellant] was appointed PCRA counsel. On March 2, 2020, [Appellant] filed a counseled amended PCRA petition.[1] [Appellant], in both his original *pro se* PCRA petition and in his counseled amended PCRA petition, alleged that [trial] counsel failed to inform him of a plea offer made by the Commonwealth on July 7, 2004. He claims this failure constituted ineffective assistance of counsel. To remedy the violation, he argued his prior sentence should be vacated and he should be resentenced under the terms of the plea agreement that was originally offered on July 7, 2004.[2]

_____

[1] The caption for the amended PCRA petition listed seven (7) separate trial court docket numbers at issue: 1279 of 2004, 1280 of 2004, 1281 of 2004, 1282 of 2004, 1283 of 2004, 1284 of 2004, and 1285 of 2004.

[2] Regarding the timeliness requirements of the PCRA, Appellant explained that he requested "his case discovery material" sometime after he completed litigating his first PCRA petition. (Amended PCRA Petition, filed 3/2/20, at ¶10). Appellant claimed that he did not actually receive the discovery packet, which contained the plea offer, until August 2, 2019. (*See id.* at ¶11). Appellant maintained he was unaware of the plea offer until August 2, 2019, and he filed the current petition within sixty (60) days of obtaining the
*(Footnote Continued Next Page)*

- 2 -

>An evidentiary hearing was held on July 9, 2020. On September 14, 2020, [the PCRA c]ourt issued an order to dismiss….[3]

(PCRA Court Opinion, filed November 3, 2020, at 1-2) (internal citations and some capitalization omitted).

On September 22, 2020, Appellant timely filed a single notice of appeal with a caption listing the same seven (7) docket numbers included on the amended PCRA petition. On September 24, 2020, the court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Appellant timely filed his Rule 1925(b) statement on October 5, 2020.

On November 2, 2020, this Court issued a rule to show cause as to why Appellant's notice of appeal should not be quashed in light of **Commonwealth v. Walker**, 646 Pa. 456, 185 A.3d 969 (2018) (stating that practice of filing single notice of appeal from order involving more than one docket violates Pa.R.A.P. 341; failure to file separate appeals under these circumstances

---

discovery packet. (**Id.** at ¶¶12-13). Under these circumstances, Appellant concluded that he had satisfied the newly-discovered facts exception to the timeliness requirements of the PCRA. (**Id.** at ¶17).

[3] The dismissal order advised Appellant of his appellate rights as follows:

>Therefore, [Appellant's] *pro se* PCRA Petition and his counseled Amended PCRA Petition are dismissed pursuant to Pa.R.Crim.P. 908(D)(1). [Appellant] is advised that he shall have thirty (30) days from the entry of this order to file **an** appeal.

(Order and Opinion, filed 9/14/20, at 7) (emphasis added).

generally requires appellate court to quash appeal). Before responding to the show cause order, Appellant filed seven (7) separate notices of appeal in the trial court on November 5, 2020. These notices of appeal corresponded to each of the docket numbers listed on the amended PCRA petition.[4] On November 9, 2020, Appellant responded to the show cause order and claimed that the newly filed notices of appeal corrected any defects under **Walker**. This Court discharged the rule to show cause on November 17, 2020, advising the parties that the panel assigned to this case may revisit the issue.

As a preliminary matter, we must address Appellant's filing of a single notice of appeal containing more than one docket number. **See Walker, supra**. Here, we emphasize that the order denying PCRA relief specifically stated that Appellant had the right to file "an appeal." (**See** Order and Opinion, filed 9/14/20, at 7). Under these circumstances, we will overlook Appellant's failure to comply with **Walker**. **See Commonwealth v. Stansbury**, 219 A.3d 157 (Pa.Super. 2019), *appeal denied*, ___ Pa. ___, 235 A.3d 1073 (2020) (holding that breakdown in operations of court occurs where lower court misinforms appellant regarding his appellate rights). **See also Commonwealth v. Larkin**, 235 A.3d 350 (Pa.Super. 2020) (*en banc*), *appeal denied*, ___ Pa. ___, 251 A.3d 773 (2021) (reaffirming holding in **Stansbury**).

_____

[4] This Court docketed the appeals at 1207-1213 WDA 2020. On November 23, 2020, this Court consolidated those appeals *sua sponte*.

- 4 -

On appeal, Appellant now raises one issue for this Court's review:

Whether the [PCRA] court erred in failing to rule that Appellant's trial counsel was ineffective in failing to inform Appellant of a plea offer forwarded by the Commonwealth, which would have led to convictions of reduced charges and a less severe sentence than he is currently serving.

(Appellant's Brief at 5).

As an additional preliminary matter, the timeliness of a PCRA petition is a jurisdictional requisite. *Commonwealth v. Hackett*, 598 Pa. 350, 956 A.2d 978 (2008), *cert. denied*, 556 U.S. 1285, 129 S.Ct. 2772, 174 L.Ed.2d 277 (2009). Pennsylvania law makes clear that no court has jurisdiction to hear an untimely PCRA petition. *Commonwealth v. Robinson*, 575 Pa. 500, 837 A.2d 1157 (2003). The PCRA requires a petition, including a second or subsequent petition, to be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." 42 Pa.C.S.A. § 9545(b)(3).

Generally, to obtain merits review of a PCRA petition filed more than one year after the judgment of sentence became final, the petitioner must allege and prove at least one of the three timeliness exceptions:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United

States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

To meet the "newly discovered facts" timeliness exception set forth in Section 9545(b)(1)(ii), a petitioner must demonstrate that "he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence." *Commonwealth v. Brown*, 111 A.3d 171, 176 (Pa.Super. 2015), *appeal denied*, 633 Pa. 761, 125 A.3d 1197 (2015). "The focus of the exception is on [the] newly discovered facts, not on a newly discovered or newly willing source for previously known facts." *Commonwealth v. Burton*, 638 Pa. 687, 704, 158 A.3d 618, 629 (2017) (internal citation and quotation marks omitted).

Instantly, our Supreme Court denied Appellant's petition for allowance of appeal on August 9, 2006. Appellant's judgment of sentence became final ninety days later, on or about November 7, 2006. *See* U.S.Sup.Ct.R. 13 (stating appellant must file petition for writ of *certiorari* with United States Supreme Court within ninety (90) days after entry of judgment by state court of last resort). Thus, Appellant had until November 7, 2007 to file a PCRA

petition. Appellant timely pursued a first PCRA petition on July 2, 2007, which the court dismissed on November 26, 2007.

Appellant filed the current petition on September 16, 2019, which was untimely on its face. *See* 42 Pa.C.S.A. § 9545(b)(1). Appellant now argues that he is entitled to PCRA relief, claiming trial counsel was ineffective for failing to forward a plea deal from the Commonwealth. Appellant insists that "prior to his convictions, he had not received discovery in his case, nor was he ever made aware of any plea offer that was made to him by the Commonwealth." (Appellant's Brief at 15). Appellant maintains that he was not aware of the plea offer until "he received the discovery packet from [the public defender's office] nearly 15 years following his trial." (*Id.* at 16). Appellant also argues that "he undoubtedly would have received a greatly reduced sentence" had he known about the plea deal. (*Id.* at 17).

Appellant, however, has failed to prove an exception to the PCRA timeliness requirements. Although Appellant's amended PCRA petition attempted to invoke the newly-discovered facts exception to the PCRA's time-bar, Appellant did not demonstrate any new facts that were unknown and could not have been ascertained through the exercise of due diligence. Significantly, the PCRA court conducted an evidentiary hearing. At that time, trial counsel provided many details about meeting with Appellant to discuss the entry of a guilty plea. Trial counsel specifically testified, "I've never not communicated a plea offer to a client." (N.T. PCRA Hearing, 7/9/20, at 28).

The PCRA court found trial counsel's testimony credible, stating:

> The [c]ourt carefully observed [trial counsel] testify and is satisfied that his recollection of [Appellant's] case, particularly concerning his specific discussions with [Appellant] about the plea offer, was credible in all respects. [Trial counsel] stated he received the plea deal letter addressed to [prior counsel] when he obtained all other discovery materials upon being assigned the case. [Trial counsel] recalled how seriously he took [Appellant's] defense, it being his first major criminal case as a young lawyer.
>
> [Trial counsel] recalled that he genuinely wanted [Appellant] to accept the plea offer because [Appellant] confessed in detail to his crimes, and [trial counsel] believed the plea offer would benefit [Appellant] by reducing the number of counts and provide him an opportunity for sentencing leniency. Moreover, he remembered calling on a more experienced defense counsel in the public defender's office to accompany him to meet with [Appellant] in order to convince [Appellant] to see the wisdom of accepting the plea deal.
>
> The [c]ourt finds credible [trial counsel's] testimony that [Appellant] was adamant that he was not going to plead guilty and insisted on a trial. The [c]ourt finds further that [trial counsel] was even able to negotiate a more favorable plea offer and that he communicated the second plea offer to [Appellant] as well, an offer that [Appellant] likewise rejected. The [c]ourt also noted the positive relationship [trial counsel] and [Appellant] maintained, a rapport that continued in the courtroom these many years later. This lack of any apparent animus is consistent with [trial counsel's] testimony that he had a good working relationship with [Appellant], that he wanted [Appellant] to plead, that he communicated the plea offers, and that his client was insistent on going to trial, where [trial counsel] was willing to zealously represent him.

(Order and Opinion, filed 9/14/20, at 5-6).

Our review of the PCRA hearing transcript confirms that the record

supports the court's credibility determination. ***See Commonwealth v. Johnson***, 600 Pa. 329, 356, 966 A.2d 523, 539 (2009) (stating: "A PCRA court passes on witness credibility at PCRA hearings, and its credibility determinations should be provided great deference by reviewing courts"); ***Commonwealth v. Boyd***, 923 A.2d 513 (Pa.Super. 2007), *appeal denied*, 593 Pa. 754, 932 A.2d 74 (2007) (explaining that Superior Court grants great deference to findings of PCRA court if record contains any support for those findings).  In light of the court's credibility determination in favor of trial counsel, Appellant failed to demonstrate that the Commonwealth's plea offer qualified as a new fact capable of triggering the timeliness exception to the PCRA.  ***See Burton, supra***; ***Brown, supra***.  Accordingly, we affirm the order dismissing Appellant's current PCRA petition.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date:  10/26/2021